```
             IN THE UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEBRASKA

MR. IVAN L. MENDEZ,            )
                               )
           Plaintiff,          )       4:09CV3219
                               )
      v.                       )
                               )
IMMIGRATION AND NATURALIZATION )       ORDER
SERVICES QUARTERS,             )
                               )
           Defendant.          )
_____)
```

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis ("IFP")(Filing No. 2). The Court has received a certified copy of plaintiff's trust account information (Filing No. 5). Plaintiff will be permitted to proceed IFP.

Pursuant to the Prison Litigation Reform Act, a prisoner plaintiff is required to pay the full amount of the court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co., 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of plaintiff's average monthly account balance or average

monthly deposits for the six months preceding the filing of the complaint.  Plaintiff's account balance is $0, and the Court cannot assess an initial partial filing fee (Filing No. 7).  However, as set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."  When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended.  *See Jackson*, 173 F. Supp. 2d at 957 n. 9.  Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)."  *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).  This matter will therefore proceed without payment of the initial partial filing fee as set forth below.  Accordingly,

       IT IS ORDERED:

       1.   Plaintiff's motion for leave to proceed in forma pauperis (Filing No. 2), is granted.  The filing fee shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2).  Until the full filing fee of $350.00 is paid, the prisoner shall be obligated to pay, and the agency having custody of the prisoner shall forward to the clerk of the

court, 20 percent of the preceding month's income in such months as the account exceeds $10.00.

2. The clerk of the court shall serve a copy of this order on the appropriate financial officer for plaintiff's current institution.

3. Plaintiff shall continue to keep the Court informed of his current address at all times while this case is pending, as failure to do so may result in dismissal of this matter.

4. Plaintiff shall review the "Notice Regarding Summons Forms" attached to this Order.

DATED this 17th day of November, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

**NOTICE REGARDING SUMMONS FORMS**
**FOR PRO SE PRISONERS**
**PROCEEDING IN FORMA PAUPERIS**

A prisoner who is proceeding pro se and in forma pauperis as the plaintiff in a civil case shall **not** provide the court with summons forms (or Form 285) for service of process on the defendant(s) **until** notified to do so by the Clerk of the court.

The Prison Litigation Reform Act ("PLRA") requires the court to screen complaints brought by prisoners. Therefore, the court conducts "initial review" of a complaint filed by a prisoner before any summons can be served on a defendant. Generally, the court conducts "initial review" shortly after the Clerk of the court receives the initial partial filing fee from the plaintiff. After the initial partial filing fee has been paid, and initial review has been completed, the Clerk of the court arranges for service of process as follows:

1. The Clerk of the court will be directed by a District Judge or Magistrate Judge to send the plaintiff a blank summons form for each defendant named in the caption of the case, together with Form 285.

2. The plaintiff shall thereafter complete the summons form(s) and Form 285, because without those forms, service of process cannot occur.

3. The plaintiff shall then mail the completed summons form(s) and Form 285 to the Clerk of the court. Upon receipt of the completed forms from the plaintiff, the Clerk of the court will sign the summons form(s) to be sent by the Clerk, together with a copy of the complaint for each defendant, to the U.S. Marshal for service on the defendant(s).

4. Because the plaintiff is proceeding in forma pauperis, the plaintiff is not responsible for copying the complaint or arranging for service of process.

**THEREFORE, ALL PLAINTIFFS ARE REQUESTED NOT TO SEND SUMMONS FORMS TO THE COURT UNLESS THE CLERK OF THE COURT HAS FIRST SENT THE FORMS TO THE PLAINTIFF AFTER "INITIAL REVIEW" HAS BEEN COMPLETED, AS STATED ABOVE.**