IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | |
|---|---|
| MR. IVAN L. MENDEZ, ) | |
| ) | |
| Plaintiff, ) | 4:09CV3219 |
| ) | |
| v. ) | |
| ) | |
| IMMIGRATION AND NATURALIZATION) | MEMORANDUM OPINION |
| SERVICES QUARTERS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff filed his complaint on October 21, 2009 (Filing No. 1).  Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 6.)  The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.  **SUMMARY OF COMPLAINT**

Plaintiff filed his complaint against the "Immigration and Naturali[z]ation Service[]."  (Filing No. 1 at CM/ECF p. 1.)  Plaintiff alleges that defendant is somehow preventing him from saving the lives of his family in Mexico.  (Id.)  Plaintiff also alleges that there is a conspiracy to murder "all of the old white American cowboys and cowgirls (also called old white red necks) living everywhere . . . all over this country of America."  (Id.)  Plaintiff does not seek any relief.  (Id. at CM/ECF pp. 1-6.)

**II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. &*

*Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

In short, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 129 S.Ct at 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). As discussed above, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The Court has carefully reviewed plaintiff's complaint. Even under the most liberal construction, plaintiff's allegations are insufficient to establish that defendant violated his constitutional rights. Further, plaintiff's allegations do not allow the court to draw a reasonable inference that defendant is somehow involved in a conspiracy to murder "all of the old white American cowboys and cowgirls." (Filing No. 1 at CM/ECF p. 1.) Accordingly, plaintiff's claims against defendant will be dismissed without prejudice for failure to state a claim upon

which relief may be granted.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 15th day of December, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court